IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DETRICK D. CROSTON                                                                PLAINTIFF
ADC #131172

v.                              No. 5:13-cv-217-DPM-BD

RODERICK COOKSEY                                                                DEFENDANT

ORDER

1. For one reason or another, № 66, all the defendants except Roderick Cooksey are out of the case. Croston alleged that Cooksey (a prison guard) sexually assaulted him, propositioned him several times after the assault, and then threatened and bribed him for months to keep the assault a secret. № 2 at 4-7. The U.S. Marshal served Cooksey by mail — but failed to restrict delivery of the summons and complaint to him. Cooksey nonetheless signed for, and accepted, the envelope. *Exhibit A (the redacted green card)*. Early in the case, Croston sought a default judgment, pointing to the completed service on Cooksey and his failure to respond. The Court agreed that Croston was entitled to a win on liability, but declined a recommendation to enter a default judgment. № 50. Croston's motion for default judgment, № 47, was denied without prejudice. This was a hedge. It gave the other defendants time to

develop the facts and defend themselves. The other defendants having dropped out, though, it's time to turn back to Cooksey.

2. The books are full of cases holding that defects in service, like this one, make the service ineffective. *E.g., Wilburn v. Keenan Companies, Inc.*, 298 Ark. 461, 463, 768 S.W.2d 531, 532 (1989). Actual knowledge of the pending lawsuit doesn't make any difference. *Nucor Corp. v. Kilman*, 358 Ark. 107, 119, 186 S.W.3d 720, 727 (2004). All this flows from a strong principle: service requirements are in derogation of common law; compliance with those requirements must be exact to ensure fair notice and establish personal jurisdiction. In *Wilburn*, for example, a default judgment entered after defective service didn't stand up.

But there's an out-lying Arkansas precedent that supports putting Cooksey in default. *CMS Jonesboro Rehabilitation, Inc. v. Lamb* involved almost identical service facts. Mailed service was not restricted to CMS Jonesboro's registered agent for service. But that agent signed for, and accepted, the envelope with the suit papers, just like Cooksey did here. Good service. So held the Arkansas Supreme Court. 306 Ark. 216, 219, 812 S.W.2d 472, 473–74 (1991). And because Croston could make service in this case in any way

authorized by Arkansas law, FED. R. CIV. P. 4 (e)(1) & ARK. R. CIV. P. 4 (d)(8)(A), his service on Cooksey was good too. *CMS Jonesboro Rehabilitation, supra.*

3. What now? The Court directs the Clerk to reinstate Croston's motion for a default judgment as against Cooksey only. The Court directs the Clerk to enter a default against Cooksey. And the Court grants Croston's motion as to Cooksey. With the pleaded liability facts established against this guard, there must be a trial for Croston to prove his damages. He's requested a jury. The Court will hold that jury trial at the current setting — 11 July 2016.

The Court directs the U.S. Marshals Service to serve (delivery restricted and return receipt requested) these documents on Cooksey at his last known address:

- the complaint and amended complaint, № 2 & 6;
- the Orders directing service, № 7 & 28;
- the executed summons, № 39;
- the motion for default judgment, № 47;
- the recommended disposition and Order declining the recommendation, № 48 & 50;
- the Final Scheduling Order, № 65; and
- this Order.

\* \* \*

Partly reinstated motion, № 47, granted. Clerk's default against Cooksey directed. Judgment for Croston awarded against Cooksey on liability. The Court requests that Magistrate Judge Deere appoint counsel to represent Croston at the upcoming jury trial.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

9 November 2015

Exhibit A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Roderick Cooksey

ADDRESS REDACTED

2. Article Number (Transfer from service label)

7012 2920 0001 7004 6238

PS Form 3811, February 2004    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Roderick Cooksey
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes  ☐ No
If YES, enter delivery address below:

S:13cv00217

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

102595-02-M-1540